**Dated: March 6, 2023**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GARRISON WOODROW SHANN, | ) | Case No. 22-12228-SAH |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| STEVEN T. STANLEY, | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. 22-01064-SAH |
| v. | ) | |
| | ) | |
| GARRISON WOODROW SHANN, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING MOTION TO DISMISS ADVERSARY COMPLAINT, BRIEF IN SUPPORT, AND NOTICE OF OPPORTUNITY FOR HEARING [DOC. 5]

The following are before the Court for consideration:

1.   Adversary Complaint [Doc. 1] (the "Complaint"), filed on December 27, 2022, by Steven T. Stanley ("Plaintiff");

2.   Motion to Dismiss Adversary Complaint, Brief in Support, and Notice of Opportunity for Hearing [Doc. 5] (the "Motion"), filed on January 17, 2023, by debtor/defendant Garrison Woodrow Shann ("Debtor");

3.      Response to Motion to Dismiss [Doc. 6] (the "Response"), filed on January 31, 2023, by Plaintiff; and

4.      Defendant's Reply to Plaintiff's Response to Motion to Dismiss, and Brief in Support [Doc. 7] (the "Reply"), filed on February 5, 2023, by Debtor.

## BACKGROUND

In November 2017, Debtor and Plaintiff entered into an agreement for Debtor to purchase Plaintiff's business for $210,000.00.  Under the agreement, Debtor was to make $1,000.00 monthly payments to Plaintiff until the balance was fully paid.  In May 2022, Debtor stopped making payments to Plaintiff and, a few months later, filed bankruptcy.  Plaintiff now seeks to have the debt owed to him determined nondischargeable for fraud.

## JURISDICTION

The Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.  Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a), and this is a core proceeding as contemplated by 28 U.S.C. § 157(b)(I).

## MOTION TO DISMISS STANDARD

A plaintiff bears the burden to frame a complaint with enough facts to suggest he or she is entitled to relief.  Robbins v. Oklahoma ex rel. Okla. Dep't of Human Servs., 519 F.3d 1242, 1247 (10th Cir. 2008).  To survive a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure (made applicable by Rule 7012), "a plaintiff must include in the complaint 'enough facts to state a claim to relief that is plausible on its face.'"  Barenburg v. Burton (In re Burton), 2010 WL 3422584, at *2 (10th Cir. 2010) (citing Bell Atl. Corp. v. Twombly,

550 U.S. 544, 570 (2007)).  This standard requires that factual allegations contained in an adversary complaint be sufficient to raise a right to relief above mere speculation.  Twombly, 550 U.S. at 555; see also, Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (stating complaint must give the court reason to believe the plaintiff has a reasonable likelihood of mustering factual support for the claims raised).

A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The Tenth Circuit has interpreted "plausibility" to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." Robbins, 519 F.3d at 1247.  Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." Robbins, 519 F.3d at 1247 (internal quotations omitted).  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins, 519 F.3d at 1247.  "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Robbins, 519 F.3d at 1248.  The Tenth Circuit has instructed "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and whether a defendant receives fair notice "depends on the type of case." Robbins, 519 F.3d at 1248.

Complaints asserting claims based on fraud must meet a heightened pleading standard under Rule 9(b), Fed. R. Civ. P. (made applicable by Fed. R. Bankr. P. 7009), which requires

3

that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  In other words, Rule 9(b) requires Plaintiff to plead the "who, what, when and where" of the alleged fraud.  Parkway Bank & Trust v. Casali (In re Casali), 517 B.R. 835, 842 (Bankr. N.D. Ill. 2014) (citing DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)).

## STATEMENT OF FACTS

The Court must accept the "well-pleaded allegations of the [C]omplaint as true and view them in the light most favorable" to Plaintiff.  Albers v. Bd. of Cnty. Comm'rs, 771 F.3d 697, 700 (10th Cir. 2014).  Accordingly, the relevant, non-conclusory[1] facts are:

1.  Plaintiff is owed $160,000.00 based upon an agreement entered into with Debtor in November 2017 for the sale of the business known as Aerobic Systems of Stillwater ("Aerobic Systems") to Debtor (the "Agreement").  The Agreement was entered into in Payne County, State of Oklahoma.  Complaint ¶ 1.

2.  Many times during the negotiation process, Debtor assured Plaintiff he would operate the business in good faith and would apply funds garnered therefrom towards the payment of the purchase price.  Complaint ¶ 7.

3.  Based upon the representations of Debtor, Plaintiff agreed to sell Aerobic Systems to Debtor.  When Plaintiff entered into the Agreement with Debtor he was led to believe Debtor would operate the business in good faith and pay to Plaintiff the purchase price as agreed upon between the parties.  This belief by Plaintiff was formed based upon the

---

[1]The Court takes as true all well-pled, as opposed to conclusory, allegations of the Complaint.  Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007) (citing Twombly, 550 U.S. at 570)).

statements and actions of Debtor who was negotiating the agreement with Plaintiff.
Complaint ¶¶ 4, 8.

4.      Debtor and Plaintiff entered into the Agreement on November 12, 2017, which required
        Debtor to pay to Plaintiff $210,000.00 to be made in monthly payments in the amount of
        $1,000.00 until the balance was paid in full.  Debtor currently owes Plaintiff $160,000.00
        under the terms of the Agreement.  Complaint ¶ 6.

5.      Plaintiff allowed Debtor a few months to get his feet under him before requiring him to
        begin making the monthly payments.  Complaint ¶ 9.

6.      Plaintiff had difficulty getting Debtor to make the monthly payment.  On at least one
        occasion, Debtor tried to convince Plaintiff he had paid more than what he had under the
        terms of the Agreement and constantly tried to get around the parties' Agreement.
        Complaint ¶¶ 10-11.

7.      Debtor did not operate the business as he represented he would.  Plaintiff received phone
        calls from customers of Debtor and builders with whom Debtor had contracted indicating
        Debtor was:  not performing contracted for services despite payment; not performing in a
        good and workmanlike manner; and not paying obligations on account.  These individuals
        believed Plaintiff was still involved with the business.  Complaint ¶ 12.

8.      Debtor created a limited liability company, Shann's Aerobic Systems, LLC, shortly after
        the Agreement was dated.  Additionally, Debtor, through his wife, created another
        company named Shann Contracting, LLC.  Complaint ¶ 13.

9.      In May 2022 Debtor refused to make any additional payments toward the purchase price.
        Complaint ¶ 11.

5

10.   Debtor has asserted he does not have funds sufficient to make good on his obligation to

Plaintiff, despite the fact he got the use and enjoyment of the company Plaintiff sold to

him along with all of the equipment and goodwill that were part and parcel to the same

transaction.  Complaint ¶ 2.

11.   Plaintiff filed suit in the Payne County District Court, Case No. CJ-2022-244 on July 12,

2022, and obtained judgment by default on August 18, 2022, as Debtor failed to appear

or answer.  Complaint ¶ 3.

12.   Debtor filed his chapter 7 voluntary petition on September 29, 2022, (the "Petition

Date").  Case No. 22-12228-SAH, Doc. 1.[2]

## APPLICABLE STATUTORY PROVISIONS

Section 523(a)(2)(A) provides in pertinent part:

> (a) A discharge under section 727, 1141, 1192 [1] 1228(a),
> 1228(b), or 1328(b) of this title does not discharge an individual
> debtor from any debt—
>
>> (2) for money, property, services, or an extension, renewal,
>> or refinancing of credit, to the extent obtained by—
>>
>>> (A) false pretenses, a false representation, or actual
>>> fraud, other than a statement respecting the debtor's
>>> or an insider's financial condition.

## LEGAL CONCLUSIONS

Plaintiff seeks to have the debt under the Agreement determined nondischargeable

pursuant to Section 523(a)(2)(A).  Debtor filed the present Motion requesting dismissal of the

---

[2]It is well established that a court may take judicial notice of its own records as well as
records of other courts, particularly in closely related cases. Hutchinson v. Hahn, 402 F. App'x
391, 394-95 (10th Cir. 2010) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172
(10th Cir. 1979)); Cornforth v. Fidelity Inv., 2017 WL 650132 (W.D. Okla. 2017).

Complaint under Fed. R. Civ. P. 12(b)(6) (made applicable by Fed. R. Bankr. P. 7012) for failure to state a claim. For the reasons below, the Motion will be granted.

Under Section 523(a)(2)(A), debts may be excepted from discharge if they are for money, property, or services obtained by a debtor's false representations, false pretenses, or actual fraud (other than a statement respecting the debtor's or an insider's financial condition). Section 523(a)(2)(A). In his Response, Plaintiff argues he has sufficiently pled a Section 523(a)(2)(A) claim for fraud under Fed. R. Civ. P. 8(a) by providing "a short and plain statement of the claim." However, he fails to acknowledge the heightened pleading requirements for fraud under Fed. R. Civ. P. 9(b).

Complaints asserting claims based on fraud must meet a heightened pleading standard, specifically Plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (made applicable by Fed. R. Bankr. P. 7009). While Rule 9(b) requires Plaintiff to identify "'the circumstances constituting fraud'; it does not require 'any particularity in connection with an averment of intent, knowledge or condition of mind.'" Danbom v. Prewitt (In re Prewitt), 486 B.R. 518, 523 (Bankr. D. N.M. 2013) (citing Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997). "Simply stated, a complaint must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Prewitt, 486 B.R. at 523 (citing Schwartz, 124 F.3d at 1252).

Plaintiff does not state on which grounds under Section 523(a)(2)(A) he is seeking a nondischargeability determination – false representations, false pretenses, or actual fraud. Regardless, the Complaint fails to state a claim on any of these grounds. It is a best practice to

specifically identify the basis or bases for the requested relief if multiple grounds exist for relief as in Section 523(a)(2)(A).

A claim based on false representation under Section 523(a)(2)(A) has five elements: (1) the debtor made a false representation; (2) the debtor made the representation with the intent to deceive the creditor; (3) the creditor relied on the representation; (4) the creditor's reliance was justifiable; and (5) the debtor's representation caused the creditor to sustain a loss.  Johnson v. Riebesell (In re Riebesell), 586 F.3d 782, 789 (10th Cir. 2009) (citing Fowler Bros. v. Young (In re Young), 91 F.3d 1367, 1373 (10th Cir. 1996)); Copper v. Lemke (In re Lemke), 423 B.R. 917, 921-22 (10th Cir. BAP 2010).  Plaintiff's Complaint points to no specific false representation, and instead alleges generally Debtor led Plaintiff to believe he would operate the business in good faith and would apply funds from the operation of the Aerobic Systems toward the purchase price.  Though the Complaint identifies who made the representation, it does not "set forth the time, place and contents of the false representation;" therefore, Plaintiff has not met the heightened pleading standard for fraud as to the claim for false representation.  Prewitt, 486 B.R. at 523 (citing Schwartz, 124 F.3d at 1252).[3]

---

[3]Plaintiff needs to be cognizant, as a general matter, statements concerning future events, as opposed to a statement misrepresenting a present fact, are not often found to be a basis for a finding of misrepresentation under Section 523(a)(2)(A).  In the normal course of events, the failure to perform a future obligation as promised is a mere breach of contract. However, when a promise of future performance is made by one who has no present intention of performing the promise, it may be a misrepresentation that may be found to be fraudulent. Wagner v. Wagner (In re Wagner), 492 B.R. 43, 51 (Bankr. D. Colo. 2013), aff'd, 527 B.R. 416 (10th Cir. BAP (Colo.) 2015) (citing Restatement (Second) of Torts § 530 (1977) and then In re Kukuk, 225 B.R. 778, 785-86 (10th Cir. BAP 1998)).  Nevertheless, it is well-established partial payments on a debt mitigate heavily against a finding of fraudulent intent with respect to non-payment.  Busch v. Grilliot (In re Grilliot), 293 B.R. 725, 729 (Bankr. N.D. Ohio 2002) (citing Oetker v. Bullington (In re Bullington), 167 B.R. 157, 161 (Bankr. W.D. Mo. 1994)): Jack Master, Inc. v.

(continued...)

Plaintiff has similarly failed to sufficiently plead a claim for false pretenses or actual fraud. "False pretenses can be defined as any series of events, when considered collectively, that create a contrived and misleading understanding of a transaction, in which a creditor is wrongfully induced to extend money or property to the debtor." Cordell v. Sturgeon (In re Sturgeon), 496 B.R. 215, 223 (10th Cir. BAP 2013) (citing Stevens v. Antonious (In re Antonious), 358 B.R. 172, 182 (Bankr. E.D. Pa. 2006)). Actual fraud "connotes deception or trickery generally," and Section 523(a)(2)(A) encompasses actual fraud that can be effected without a false representation. Husky Int'l Electronics, Inc. v. Ritz, 136 S.Ct. 1581, 1586 (2016). The elements of a claim for actual fraud are: (i) the debtor committed actual fraud; (ii) the debtor obtained money, property, services, or credit by the actual fraud; and (iii) the debt arose from the actual fraud. Hatfield v. Thompson (In re Thompson), 555 B.R. 1, 10 (10th Cir. BAP 2016).

Plaintiff has not successfully stated a claim for either false pretenses or actual fraud. In addition to the allegations relating to Debtor's representations, Plaintiff alleges he had difficulty collecting payments from Debtor, Debtor failed to operate Aerobic Systems as he represented he would, Debtor created two limited liability companies purporting to be in same business as Aerobic Systems, and Debtor stopped making payments to Plaintiff in May 2022. These facts, taken with the facts regarding Debtor's representations, depict no more than a straightforward breach of contract. No allegation points to conduct by the Debtor creating a "contrived and misleading understanding of a transaction." Sturgeon, 496 B.R. at 223 (citing Antonious,

---

[3](...continued)
Collins (In re Collins), 28 B.R. 244, 247 (Bankr. W.D. Okla. 1983); Chiron v. Musto (In re Musto), 1998 WL 34070480 (Bankr. S.D. Fla. 1998) (debtor's partial payment mitigates inference of fraudulent intent).

358 B.R. at 182).  Similarly, no specific circumstances of "deception or trickery" are alleged.

Husky, 136 S.Ct. at 1586.  To the contrary, the allegations demonstrate Debtor made nearly all

payments (50 out of *at most* 58 payments due)[4] for the first five years of the Agreement.

Debtor's conduct as described in the Complaint does not create a reasonable inference of false

pretenses or actual fraud and so does not meet the minimal pleading standard under Rule 8(a),

much less the heightened standard for fraud under Rule 9(b).  Iqbal, 556 U.S. at 678 (2009)

(citing Twombly, 550 U.S. at 556); Fed. R. Civ. P. 9(b).  Accordingly, the Complaint will be

dismissed with leave to amend.

## CONCLUSION

For the reasons set forth above, the Motion is GRANTED.  Plaintiff is granted twenty-

one (21) days after entry of this Order to file an amended complaint.

IT IS SO ORDERED.

#  #  #

---

[4]The Agreement was executed in November 2017 and Plaintiff "allowed Debtor a few months to get his feet under him before requiring him to begin monthly payments."  Complaint ¶ 9.  Even if payments began immediately, the total due under the Agreement from November 2017 to September 2022 (when Debtor filed bankruptcy) would be $58,000.00 representing 58 payments.  Debtor paid $50,000.00 ($210,000.00 purchase price less $160,000.00 owed) representing 50 payments.  With the "few months" grace period, Debtor made nearly every payment due during the first five years of the Agreement.